**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CHARLES E. BLAKE, SR.,

        Plaintiff,

v.                                            Case No. 6:15-cv-2085-Orl-37KRS

EARL W. CARTER, SR.,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant's Counter Complaint (Doc. 17), filed January 11, 2016; and

2. Plaintiff's Motion to Dismiss "Counter Complaint" or, in the Alternative, for a More Definite Statement and Incorporated Memorandum of Law (Doc. 22), filed January 22, 2016.

On January 11, 2016, Defendant filed a "Counter Complaint" against thirty four defendants, including Plaintiff (collectively, "**Counter Defendants**"). (Doc. 17.) In the Counter Complaint, which the Court construes as a counterclaim, Defendant merely claims that the Counter Defendants caused him: (1) defamation of character; (2) loss of income; and (3) mental and physical anguish ("**Counterclaim**"). (*Id.*) Plaintiff moves to dismiss the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, for a more definite statement pursuant to Rule 12(e). (Doc. 22.)

Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss pursuant to Rule 12(b)(6), the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First*

*Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

The Counterclaim lacks any supporting factual allegations and is otherwise noncompliant with the pleading standards of Rules 8(a) and 10(b). (*See* Doc. 17.) Accordingly, it is due to be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion to Dismiss "Counter Complaint" or, in the Alternative, for a More Definite Statement and Incorporated Memorandum of Law (Doc. 22) is **GRANTED**.

2. Defendant's Counter Complaint (Doc. 17), which the Court construes as a Counterclaim, is **DISMISSED WITHOUT PREJUDICE**.

3. On or before **Wednesday, March 2, 2016**, Defendant may file an amended counterclaim that is compliant with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 1, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Party