# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CHARLES E. BLAKE, SR.,

      Plaintiff,

v.                                                                Case No. 6:15-cv-2085-Orl-37KRS

EARL W. CARTER, SR.,

      Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's Motion to Dismiss "Counter Lawsuit" (Doc. 50), filed June 3, 2016; and

2. Defendant's Correspondence to the Court Regarding Future Communication of Court Dates (Doc. 55), filed June 14, 2016.

In December 2015, Plaintiff initiated this state law action in federal court on the basis of diversity jurisdiction. (Doc. 1 ("**Complaint**").) Defendant, appearing *pro se*, answered the allegations in the Complaint (*see* Doc. 10) and filed a "Counter Complaint" ("**Counterclaim**") against Plaintiff and other third-party plaintiffs (Doc. 17).

Early on, the Court: (1) entered its standard order informing *pro se* litigants of their obligation to abide by the Federal Rules of Civil Procedure and Local Rules (Doc. 21 ("***Pro Se* Order**")); (2) advised Defendant of the benefits of obtaining counsel (*see* Doc. 23); and (3) dismissed without prejudice Defendant's Counterclaim for failure to comply with Federal Rules of Civil Procedure 8(a) and 10(b) (Doc. 24). Despite repeated

representations that he would retain counsel (*see, e.g.*, Docs. 28, 32), Defendant continues to proceed *pro se*.

On April 1, 2016, Defendant filed a "Counter Lawsuit," which the Court construes as an amended counterclaim. (Doc. 41 ("**Amended Counterclaim**")). Defendant asserts a claim against Plaintiff for "cyber bullying," as well as five "charges" against Plaintiff for various abuses of office and violations of the constitution of the "Church of God in Christ" (collectively, the "**Claims**"). (*See id.*) Plaintiff moves for dismissal of the Amended Counterclaim for failure to state a claim for relief. (Doc. 50 ("**MTD**").) Defendant did not respond to the MTD, and his time to do so has elapsed. As such, the Court considers the MTD to be unopposed. *See* Local Rule 3.01(b).

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). When a complaint is challenged under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and disregards unsupported conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.

The Amended Counterclaim is noncompliant with the pleading standards of Rules 8(a) and 10(b). (*See* Doc. 41.) More importantly, Defendant failed to state a claim

that entitles him to relief. Indeed, the Claims are not proper civil causes of action under any state or federal law. Accordingly, the MTD is due to be granted and the Amended Counterclaim is due to be dismissed. The Court will provide Defendant one additional opportunity to file a counterclaim that states a cognizable claim for relief and is otherwise compliant with the Federal Rules of Civil Procedure and the Court's Local Rules.

Additionally, on June 14, 2016, Defendant filed a letter to the Court, which essentially notifies the Court that Defendant is not receiving correspondence in a timely manner. (Doc. 55 ("**Letter**").) In the Letter, Defendant requests affirmative relief—particularly, that the Court give the parties fourteen days' notice of any deadlines or hearings. (*Id.*) Pursuant to Local Rule 3.01(f), applications to the Court, particularly those requesting relief, "shall not be addressed or presented to the Court in the form of a latter or the like." As such, the Letter is due to be stricken as an unauthorized filing. The Court reminds Defendant of: (1) his obligation to familiarize himself with, and abide by, the Federal and Local Rules; and (2) the resources available to him on the Court's website at http://www.flmd.uscourts.gov/.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Dismiss "Counter Lawsuit" (Doc. 50) is **GRANTED** insofar as Defendant's "Counter Lawsuit" (Doc. 41) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before Tuesday, **July 12, 2015**, Defendant may file an amended counterclaim consistent with the strictures of this Order. Failure to do so **will** result in dismissal with prejudice.

3. The Clerk is **DIRECTED** to **STRIKE** Defendant's letter to the Court

(Doc. 55).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 23, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Party