**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CHARLES E. BLAKE, SR.,

    Plaintiff/Counter
    Defendant,

v.                                                      Case No. 6:15-cv-2085-Orl-37KRS

EARL W. CARTER, SR.,

    Defendant/Counter
    Claimant.

**ORDER**

This cause is before the Court on the following:

1. Plaintiff's Amended Motion for Order to Show Cause and Sanctions for Fraud Upon the Court and Incorporated Memorandum of Law (Doc. 86), filed August 12, 2016;

2. U.S. Magistrate Judge Karla R. Spaulding's Order (Doc. 88), filed August 15, 2016; and

3. Defendant's Answer/Response to Order (Doc. 102), filed August 26, 2016.

On June 3, 2016, U.S. Magistrate Judge Karla R. Spaulding issued an Order setting a discovery conference for June 10, 2016 ("**Conference**"). (Doc. 52.) In particular, Magistrate Judge Spaulding required that *pro se* Defendant Earl Carter, Sr. and Plaintiff's counsel ("**Counsel**") attend the Conference in person. (*Id.*)

Despite the standard *pro se* order (*see* Doc. 25) advising Defendant of his need to comply with the rules and orders of the court, and the Court directly advising him of this requirement at the Preliminary Pretrial Conference on February 1, 2016 (*see* Doc. 23),

Defendant failed to appear at the Conference. (*see* Doc. 53.) Magistrate Judge Spaulding then imposed sanctions pursuant to Federal Rule of Civil Procedure 16(f). (Doc. 56 ("**Sanctions Order**").) Specifically, Magistrate Judge Spaulding ordered Defendant to pay to Counsel $2,500.00 to compensate Plaintiff for the reasonable expenses incurred as a result of Counsel's attendance at the Conference ("**Sanction**"). (*Id.* at 2.)

Defendant objected to the Sanctions Order on the grounds that: (1) he was improperly notified of the Conference; (2) he did not have enough time to make arrangements to attend the Conference; (3) "out of respect for the [C]ourt," he visited and notified the Clerk's office that he would be unable to attend the Conference due to a death in his family; and (4) he did not have the means to pay the Sanction. (Doc. 59, p. 2.) The Court affirmed Magistrate Judge Spaulding's Sanctions Order and cautioned Defendant that "[g]oing forward, failure to adhere to the Federal Rules of Civil Procedure, the Court's Local Rules, or the Court's Orders may result in the imposition of additional sanctions." (Doc. 83, p. 5.)

Defendant did not pay any part of the $2,500.00 Sanction to Counsel. Consequently, Plaintiff filed a motion for an order to show cause why Defendant should not be held in contempt or further sanctioned. (Doc. 86 ("**Motion**").)

On August 15, 2016, Magistrate Judge Spaulding issued an order requiring Defendant to show cause why he should not be held in civil contempt or further sanctioned. (Doc. 88, p. 3 ("**Show Cause Order**").) Defendant was directed to offer proof beyond a mere assertion of inability to comply with the Show Cause Order and introduce evidence supporting his inability to pay. (*Id.* at 2.) Accordingly, Magistrate Judge Spaulding ordered Defendant to file, on or before August 28, 2016, either (1) a *verified*

response to the motion stating that he had tendered $2,500.00 to Counsel; or (2) a Long-Form Affidavit of Indigency, signed under penalty of perjury. (Doc. 88, at 3.) Defendant was cautioned that failure to comply with the Show Cause Order may result in additional sanctions, "which could include a determination that [Defendant was] in civil contempt of Court and entry of a default judgment" against him. (*Id.*)

On August 26, 2016, Defendant filed an *unverified* response to the Show Cause Order. (Doc. 102.) He again asked that the Court vacate the Sanctions Order, arguing that he had a "religious right" to attend the wake and funeral service of a family member. (*Id.* at 1.) Defendant attached to the unverified response documents showing that the funeral was held in Vero Beach, Florida, on the day after the Conference. (*Id.* at 3.) Importantly, Defendant offered no evidence to explain why he could not attend the 3 p.m. Conference in Orlando and then travel to Vero Beach for an 11 a.m. funeral the following day, nor did he offer an explanation as to why he did not seek to postpone the Conference, instead he simply chose not to attend.

In his unverified response, Defendant also repeated earlier assertions that he had no means to pay $2,500.00. (*Id.* at 1.) However, he violated the Show Cause Order by failing to present evidence of his financial condition through a sworn Long-Form Affidavit of Indigency. Additionally, and contrary to Defendant's representations, the record before the Court reflects that Defendant had the ability to pay at least some portion of the Sanction.  Indeed, on August 12, 2016, Defendant tendered $700.00 to the mediator in this case. (Doc. 87 at 1; *see also* Doc. 90 pp. 4–5 (documenting copies of money orders made payable to the mediation company).) Accordingly, Defendant failed to carry his burden demonstrating that he was unable to comply with the Orders of this Court.

Rule 16(f)(1)(C) authorizes the Court to issue any just order authorized by Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii) when, as here, a party violates a pretrial order. In light of Defendant's repeated failure to abide by Court orders, the Court finds that the appropriate sanction is entry of a default judgment against Defendant. Fed. R. Civ. P. 37(b)(2)(A)(vi); *Cf. Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982) (When a party demonstrates a flagrant disregard for the court," the severe sanction of "dismissal is not an abuse of discretion"). Additionally, the Court will require Defendant to pay the reasonable expenses, including attorney's fees, that Plaintiff incurred as a result of Defendant's violation of the Show Cause Order. Fed. R. Civ. P. 16(f)(2).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Amended Motion for Order to Show Cause and Sanctions for Fraud Upon the Court and Incorporated Memorandum of Law (Doc. 86) is **GRANTED IN PART**.

2. Plaintiff's Counsel is **DIRECTED** to submit a proposed order for entry of a permanent injunction in Word format to chambers email (Chambers_FLMD_Dalton@flmd.uscourts.gov) on or before **September 16, 2016**.

3. On or before **September 16, 2016**, Plaintiff may file a motion for assessment of reasonable expenses, including attorney's fees, incurred as a result of Defendant's violation of U.S. Magistrate Judge Karla R. Spaulding's Order (Doc. 88) after conferring with Defendant in a good faith effort to resolve the amount to be paid.

4. The Clerk is **DIRECTED** to enter **JUDGMENT** in favor of Plaintiff, Charles E. Blake, Sr. and against Defendant Earl W. Carter, Sr.

5. The Court retains jurisdiction to enforce this Order with respect to the entry of a permanent injunction and the award of reasonable expenses.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 8, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro se* Party