**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CHARLES E. BLAKE, SR.,

    Plaintiff/Counter Defendant,

v.                                    Case No. 6:15-cv-2085-Orl-37KRS

EARL W. CARTER, SR.,

    Defendant/Counter Claimant.

**ORDER**

This cause is before the Court on Defendant's Answer and Response to Order Filed on 9/8/16 (Doc. 110), filed September 16, 2016.

In this action, the Court repeatedly advised *pro se* Defendant Earl Carter, Sr. of his responsibility to follow Court Orders and that failure to do so would result in the imposition of sanctions. (*See* Docs. 22, 23, 56, 83, 88.) Accordingly, after Defendant failed to attend a settlement conference as ordered (*see* Doc. 52), the Court entered default judgment against Defendant for his continued failure to follow the Court's directives. (Doc. 104.)

In the instant filing, Defendant requests that the Court set aside all sanctions entered against him. (Doc. 110, p. 2.) As such, the Court construes Defendant's filing as a motion for reconsideration.

Reconsideration is appropriate on the basis of: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) clear error or manifest injustice. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (noting that courts have generally granted such relief in those three circumstances). "The Court's

reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Mannings v. Sch. Bd. of Hillsborough Cty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "[T]he decision to grant such relief is committed to the sound discretion of the district judge . . . ." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

Defendant does not contend that there has been a change in the law or newly discovered evidence. Rather, Defendant contends that the judgment against him is unjust. (Doc. 110, p. 1.) However, Defendant fails to provide any explanation for why entry of default judgment is unjust. Instead, Defendant purports to rehash the alleged wrongs done to him by Plaintiff. (*See* Doc. 110.) Such argument is inappropriate on a motion for reconsideration. *See Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Here, the Court entered default judgment against Defendant after his repeated failure to follow Court Orders, which he patently ignored. (*See* Doc. 104.) While default judgment is an extraordinary sanction, it is clear that it was warranted here given Defendant's continued disregard of the Court's directives.

Based on the foregoing, the Court finds no basis for reconsideration, and consequently, Defendant's filing is due to be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Answer and Response to Order Filed on 9/8/16 (Doc. 110), which the Court construes as a motion for reconsideration, is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 26, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record