UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES E. BLAKE, SR.,

    Plaintiff/Counter
    Defendant,

v.                                                                            Case No. 6:15-cv-2085-Orl-37KRS

EARL W. CARTER, SR.,

    Defendant/Counter
    Claimant.

## ORDER APPOINTING FEDERAL PUBLIC DEFENDER

This cause is before the Court on its own motion.

In a prior injunction, the Court: (1) enjoined Defendant from posting defamatory videos concerning Plaintiff ("**Offending Videos**"); and (2) directed Defendant to remove existing Offending Videos from online platforms. (*See* Doc. 120 ("**Permanent Injunction**").) Based on Defendant's continued publishing of Offending Videos in violation of the Permanent Injunction, Plaintiff sought an Order directing Defendant to show cause why he should not be held in civil contempt. (*See* Doc. 125 ("**Show Cause Motion**").) The Court granted the Show Cause Motion and set the matter for a hearing on March 8, 2017 ("**March 8 Hearing**"). (*See* Doc. 131.)

At the March 8 Hearing, Plaintiff played portions of the Offending Videos, in which Defendant openly touted his refusal to comply with the Permanent Injunction. In response, Defendant accused the Undersigned of violating his First Amendment rights

under the U.S. Constitution. After hearing argument from both parties, the Undersigned held Defendant in civil contempt based on the following findings by clear and convincing evidence: (1) that Defendant had violated a valid and lawful Order; (2) that such Order was clear and unambiguous; and (3) that Defendant had the ability to comply with the Order. Noting that monetary penalties would not suffice, the Court remanded Defendant to the custody of the United States Marshal Service, until he removed the Offending Videos from online platforms set forth in the Permanent Injunction.

The Court also referred the matter to the United States Attorney's Office for potential prosecution for criminal contempt under Federal Rule of Criminal Procedure 42. Given the gravity of potential criminal proceedings, the Court finds that the present circumstances warrant the appointment of counsel. Indeed, at the conclusion of the March 8 Hearing, Defendant commented about his inability to employ counsel. Having found that Defendant does not wish to waive counsel, and because the interests of justice so require, the Court **APPOINTS** the Federal Public Defender to represent Defendant Earl W. Carter, Sr. in connection with potential criminal contempt proceedings. *See* 18 U.S.C. § 3006A(a)(2)(A) (authorizing a court to appoint representation to an indigent defendant facing a sentence of confinement where the interests of justice so requires).

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 8, 2017.

- 3 -



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro se* Party

Federal Public Defender's Office for the
Middle District of Florida

United States Attorney's Office for the
Middle District of Florida

Ilianys Rivera-Miranda, Assistant
United States Attorney